IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN RUSSEY, JR.                                                                                            PLAINTIFF

      v.                       Civil No. 6:12-cv-06028

SARAH L. HANEY, Jail Administrator,
Pike County Detention Center;
AARON TEEL, Commissary Worker; and
SHERIFF GLENN                                                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights action filed by the Plaintiff, John Russey, Jr., under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before me is a motion for judgment on the pleadings (ECF No. 25) filed by the Defendants. Plaintiff has responded to the motion (ECF No. 28) and it is ready for decision.

### 1. Background

      For some unspecified period of time, Plaintiff was incarcerated in the Poke County Detention Center awaiting transfer to the Arkansas Department of Correction (ADC). After he placed a commissary order, but before it was received, Plaintiff was transferred to the ADC. Payment for the commissary order was deducted the day prior to his transfer.

      Plaintiff asserts that he had no way of knowing when he would be transferred to the ADC. Had he known he would be transferred so quickly, he states he would not have placed the order. Plaintiff maintains the Defendants, who were in charge of his inmate account, should have canceled the order

or refunded his money since he did not receive the commissary order.

Plaintiff maintains that he was unconstitutionally deprived of his property. As relief, he seeks reimbursement for the amount deducted from his account for the commissary order, $50.16, interest on this amount, and payment of the filing fee.

**2.  Applicable Standard**

On a motion for judgment on the pleadings, the court applies the same standard as in a motion for failure to state a claim filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Id.*; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**3.  Discussion**

Defendants maintain that neither the negligent nor the intentional deprivation of property states a claim for relief because the Plaintiff has an adequate state post-deprivation remedy. I agree.

First, Plaintiff submitted a commissary order after which funds were deducted from his

account. There is no suggestion that the initial deduction of the funds was itself improper or even that the named Defendants were involved in the initial deduction. *See Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983). Second, even if the deprivation was intentional, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

### 4. Conclusion

For the reasons stated, I recommend that the Defendants' motion for judgment on the pleadings (ECF No. 25) be granted and this case dismissed

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of January 2014.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE